UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| LATOYA MOBLEY,<br><br>                Plaintiff,<br><br>v.<br><br>TEAM WELLNESS CENTER,<br>d/b/a TEAM WELLNESS,<br>                Defendant. | Case No. 22-12589<br>Honorable Shalina D. Kumar<br>Magistrate Judge Anthony P. Patti |

**ORDER DENYING PLAINTIFF'S MOTION TO FILE SECOND AMENDED COMPLAINT (ECF NO. 15), GRANTING IN PART DEFENDANT'S PARTIAL MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT (ECF NO. 12), AND REMANDING CASE TO WAYNE COUNTY CIRCUIT COURT**

## I.    Introduction

Plaintiff Latoya Mobley sues defendant Team Wellness Center ("TWC"), her former employer, for violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and for racial discrimination and retaliation in violation of 42 U.S.C. § 1981 and the Michigan Elliott Larsen Civil Rights Act (ECLRA), M.C.L. 37.2291 *et seq.* ECF No. 1. After removing the action to federal court, TWC moved to partially dismiss Mobley's complaint. ECF No. 3. Under Federal Rule of Civil Procedure 15(a)(2), the Court allowed Mobley to amend her complaint

to address the deficiencies identified in TWC's motion. ECF No. 9. Mobley filed an amended complaint (ECF No. 10), and TWC renewed its motion to dismiss. ECF No. 12. Along with filing a response to TWC's motion to dismiss, Mobley filed a motion for leave to file a second amended complaint. ECF No. 15. Both motions are fully briefed. ECF Nos. 12-16. The Court has reviewed the briefs and determined that oral argument is unnecessary. *See* L.R. 7.1(f)(2). For the reasons that follow, the Court denies Mobley's motion to amend, grants in part TWC's partial motion to dismiss, and remands the case to state court.

II.     **Procedural and Factual Background**

The amended complaint[1] offers an assortment of unclear and often unconnected "background facts." ECF No. 10. Mobley, an African American woman, began her employment with TWC on June 27, 2012 as a Care Coordinator. *Id.* at PageID.244-45, ¶¶ 7,10. During her time as a Care

---

[1] Mobley's amended complaint represents at least the third iteration of her claims against TWC. She initially filed an action against TWC in July 2022 in federal court. *See Mobley v. Team Wellness Center*, 22-cv-11501. After voluntarily dismissing that complaint without ever serving TWC, she filed this action in Wayne County Circuit Court. TWC removed the action to this Court and filed a motion for partial dismissal. ECF Nos. 1, 3. Pursuant to this Court's order, Mobley filed the operative amended complaint to address the deficiencies identified in TWC's motion to dismiss. ECF Nos. 9, 10.

Coordinator, Mobley received excellent performance reviews. *Id*. at PageID.245, ¶ 11. In December 2018, Mobley applied for and received the position of Administrative Supply Supervisor. *Id*., ¶ 12. Nevertheless, Mobley alleges that TWC created a hostile work environment for her because "there were times [that she] and other African American employees were passed over for promotion in favor of Caucasian employees and/or were disciplined more severely for the same conduct than there (sic) Caucasian counterparts." *Id*. at PageID.248, ¶¶ 31-32.

On November 19, 2019, Mobley sent an email about "workplace harassment, discrimination, racism and favoritism." *Id*. at PageID.245, ¶ 13. The email informs Heather Caldwell, whose position at TWC is not identified, that Jenn, another employee without a labelled position, has told Mobley that Pam, a third otherwise unidentified employee, dislikes her and did not want her to receive her promotion. *Id*.

Jenn apparently overheard a conversation between Mobley and another co-worker and reported what she heard to Pam. *Id*. at PageID.246, ¶ 14. Mobley alleges that Pam thus "began a crusade to harass, and bully" her, requesting that she send daily pictures of her data entries. *Id*., ¶ 15. Mobley alleges that she sent Jenn an email documenting the numerous

times she heard Jenn say Pam dislikes Mobley and that because of Jenn's conversation with Pam, Mobley lost a Data Entry Position. *Id.*, ¶ 16. According to the amended complaint, the email details Jenn giving many positions to her friends, including an employee named Lisa, with whom Jenn was very close. *Id.*, ¶ 17. Jenn's "girlfriend" was given "one of [Mobley's] departments." *Id.*, ¶ 18. Mobley alleges Jenn also disciplined yet another employee, Aisha Brown "for no good reason." *Id.* at PageID.247, ¶ 24. Mobley further alleges that Pam continually referred to her as "girl" and "you people." *Id.*, ¶ 25. She also alleges that Pam berated her and called her names. *Id.* at PageID.251, ¶ 41.

Mobley claims that Caucasians received higher salaries than their African American counterparts and avoided discipline for the same conduct resulting in suspensions for African American employees. *Id.* at PageID.247, ¶¶ 21-23. Mobley also alleges that a flier advertising the company picnic depicted watermelon, hamburgers, barbeque sauce, ants crawling all over the food, and an animated photo of an African American cook. *Id.* at PageID.248, ¶ 26. These depictions were not in another flier that advertised the same picnic but was sent to a different TWC location, where the

employees were not all African American. *Id.*, ¶ 27. Mobley alleges that her "employment eventually ended with [TWC]." *Id.*, ¶ 28.

On February 3, 2020, Mobley filed a discrimination charge with the Equal Employment Opportunity Commission (EEOC) against TWC. ECF No. 12-3. The EEOC dismissed Mobley's charge and issued a Right to Sue letter on September 2, 2020, which Mobley received on or around September 7, 2020. ECF No. 13, PageID.369. She filed this action in state court on July 18, 2022, and TWC removed it to this Court after it was served. ECF No. 1.

Mobley alleges in her amended complaint that the various alleged conduct constituted both race discrimination and retaliation under 42 U.S.C. § 1981; race, national origin, and ethnicity discrimination under Title VII, 42 U.S.C. § 2000e *et seq.*; and race discrimination under the ELCRA, M.C.L. 27.2201 *et seq*. *Id*. at PageID.248-55.

### III.    Standard of Review

"To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Golf Village N., LLC v. City of Powell*, 14 F.4th 611, 617 (6th Cir. 2021) (internal marks omitted) (quoting *Ashcroft v. Iqbal*,

556 U.S. 662, 678 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Courts must review Rule 12(b)(6) motions in the light most favorable to plaintiff, accept all of plaintiff's factual allegations as true, and draw all reasonable references in plaintiff's favor. *Directv, Inc. v. Treesh*, 487 F.3d 471, 479 (6th Cir. 2017).

To state a claim, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint "does not need detailed factual allegations" but must provide "more than labels and conclusions." *Twombly*, 550 U.S. at 555. The court "need not accept as true a legal conclusion couched as a factual allegation, or an unwarranted factual inference." *Handy-Clay v. City of Memphis*, 695 F.3d 531, 539 (6th Cir. 2012) (internal citations and quotation marks omitted). "To survive a motion to dismiss, a litigant must allege enough facts to make it plausible that the defendant bears legal liability. The facts cannot make it merely possible that the defendant is liable; they must make it plausible." *Agema v. City of Allegan*, 826 F.3d 326, 331 (6th Cir. 2016) (citing *Iqbal*, 556 U.S. at 678). A plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555-56.

"[B]ecause the statute of limitations is an affirmative defense, a 12(b)(6) motion to dismiss 'is generally an inappropriate vehicle for dismissing a claim based upon the statute of limitations.'" *Pratt v. KSE Sportsman Media, Inc.,* 586 F. Supp. 3d 666, 671 (E.D. Mich. 2022) (quoting *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012)). Allegations demonstrating that relief is barred by the applicable statute of limitations, however, provide an exception to this general rule. *Id*. (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)).

IV. Analysis

A. Title VII Claims

To recover under Title VII, a plaintiff must first file a charge with the EEOC. 42 U.S.C. § 2000e-5. Before a plaintiff may file a lawsuit, she must receive a Right to Sue letter from the EEOC. *Id*. § 2000e-5(e). A plaintiff must then file her lawsuit within 90 days of receiving that letter. *Id*. § 2000e-5(f)(1). TWC asserts, and Mobley concedes, that Mobley did not file her lawsuit within 90 days of receiving her Right to Sue letter from the EEOC. ECF No. 12, PageID.304; ECF No. 13, PageID.369.

Mobley argues that the 90-day limitation was not applicable to her Title VII claims because she asserts a continuing violation. The Sixth

Circuit has "expressly held that the continuing-violation doctrine does not relieve a plaintiff of the need to file an action within 90 days of receiving the right-to-sue letter." *Austion v. City of Clarksville*, 244 F. App'x 639, 648 (6th Cir. 2007) (cleaned up). Although the 90-day limitation may be equitably tolled, Mobley has not cited or offered support for the factors[2] courts must consider before equitably tolling a limitations period. *See Truitt v. Wayne Cnty.*, 148 F.3d 644, 648 (6th Cir. 1998). Thus, Mobley's Title VII claims must be dismissed as time-barred.

### B. Section 1981 Claims

Mobley alleges discrimination and retaliation under 42 U.S.C. § 1981 based on allegations that TWC was "predisposed to discriminate against [her] on the basis of. . . race" and that Mobley "did not receive a position with the company . . . she was attempting to obtain[.] [The position] was given to a Caucasian employee who was younger and less qualified." TWC argues that Mobley fails to plausibly allege a § 1981 claim for either discrimination or retaliation.

---

[2] These factors are 1) lack of notice of the filing requirement; 2) lack of constructive knowledge of the filing requirement; 3) diligence in pursuing one's rights; 4) absence of prejudice to the defendant; and 5) the plaintiff's reasonableness in remaining ignorant of the particular legal requirement.

A plaintiff may bring a claim under § 1981 when she has suffered an injury flowing from a racially motivated breach of her contractual relationship with another party. *See Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 480 (2006). Section 1981 affords a federal remedy against racial discrimination in private employment, including those alleging a failure to promote. *Crane v. Mary Free Bed Rehabilitation Hosp.*, 634 F. App'x 518, 524 (6th Cir. 2015).

"[T]o establish a claim for racial discrimination under section 1981, a plaintiff must plead and prove that (1) [s]he belongs to an identifiable class of persons who are subject to discrimination based on their race; (2) the defendant intended to discriminate against h[er] on the basis of race; and (3) the defendant's discriminatory conduct abridged a right enumerated in section 1981(a)." *Amini v. Oberlin College*, 440 F.3d 350, 358 (6th Cir. 2006). Moreover, "[t]o prevail [under § 1981] . . . plaintiff must initially plead and ultimately prove that, but for race, [she] would not have suffered the loss of a legally protected right." *Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, 140 S. Ct. 1009, 1019 (2020).

A discrimination claim under § 1981 may rest on the failure to promote, and the prima facie elements for such a claim are as follows: (1)

the plaintiff belongs to a protected class; (2) she applied for and was qualified for the position; (3) she was considered for and denied the position despite her qualifications; and (4) an individual of similar qualifications who was not a member of the protected class received the promotion. *Id*. "Notably, at the motion-to-dismiss stage, a plaintiff is not required to plead facts establishing a prima facie case." *Ogbonna-McGruder v. Austin Peay State U.*, 91 F.4th 833, 839 (6th Cir. 2024) (internal citations omitted); *see also Key v. Humana, Inc.*, 684 F.3d 605, 608-09 (6th Cir. 2012) (explaining that the application of the *McDonnell Douglas* prima facie case mandate at the pleading stage is contrary to the Federal Rules' structure of liberal pleading requirements).

Still, "[a] complaint that includes only conclusory allegations of discriminatory intent without supporting factual allegations does not sufficiently show entitlement to relief." *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 613 (6th Cir. 2012) (referencing *Iqbal*, 555 U.S. at 680-681). A complaint need not present "detailed factual allegations," but it must allege sufficient "factual content" from which a court, informed by its "judicial experience and common sense," could "draw the reasonable inference," that defendant intentionally discriminated against plaintiff with respect to a

promotion because of her race. *See Keys*, 684 F.3d at 610 (quoting *Iqbal*, 556 U.S. at 678, 679). "If a reasonable court can draw the necessary inference from the factual material stated in the complaint, the plausibility standard has been satisfied." *Id*. But, as the Sixth Circuit has explained, "[t]his Court is not required to accept inferences drawn by Plaintiff if those inferences are unsupported by the facts alleged in the complaint." *Han v. Univ. of Dayton*, 541 F. App'x 622, 627 (6th Cir. 2013).

Here, the amended complaint does not plead or contain factual content which could support a reasonable inference that TWC intentionally discriminated against Mobley or that but for her race, Mobley would have received a promotion that went to a white coworker. *See* ECF No. 10. Mobley alleges that she "did not receive a position within the company (sic) the very position she was attempting to obtain was given to a Caucasian employee who was younger and less qualified." ECF No. 10, PageID.249, ¶ 33. But she does not identify the position she sought nor the date upon, or even if, she applied for the position. Nor does she identify by name, title, race, or supervisory authority any of the personnel involved with the denial of her the desired promotion. Mobley elsewhere alleges that she "lost a Data Entry Position," but she provides no supporting relevant facts about

that position or its "loss." Moreover, the allegation articulating Mobley's loss of that position does not tie it to discrimination or her race. Instead, it alleges that she lost the position after Jennifer Heinz, or Jenn, whose position and title are not identified but who was ostensibly a TWC supervisor, overheard a conversation between Mobley and an unidentified co-worker. *Id.*

Nor do the amended complaint's other factual allegations raise a reasonable inference that the denied promotion was due to racial animus. Mobley alleges that Jenn told Mobley "numerous times" that a different TWC employee, identified only as Pam, disliked Mobley. Mobley does not allege that anyone told her that Pam disliked her because she was Black.

Mobley does allege that Pam berated her and referred to her as "girl," "you people," and made "other various derogatory statements. *Id*. at PageID.246-47, ¶ ¶ 19, 25. She argues in opposition to TWC's motion that these allegations "clearly and unequivocally" imply discrimination. ECF No. 13, PageID.379. The Court is not convinced that it must accept the inference of racial animus Mobley insists flows from the derisive use of "girl" and "you people." But even if Pam's put-downs could support an inference of racial animus, nothing in Mobley's amended complaint

connects those epithets to an adverse employment action by TWC. Mobley alleges that Pam referred to her as "girl" and "you people," but the other facts alleged in the amended complaint point to Jenn as the TWC employee with personnel decision-making authority. ECF No. 10, PageID.246-47, ¶¶ 19, 25. According to the amended complaint, Jenn "demoted a supervisor" and "gave many positions to her friends." *Id.*, ¶¶ 17, 24.

In sum, the alleged details about a co-worker's general animus toward Mobley and other frustrations and injustices her co-workers experienced, and she witnessed, at most imply a "mere possibility of misconduct" under § 1981 and do not "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 553-54, 555-56. Even if the allegations specifically related to Mobley's § 1981 claim were sufficient to state a claim for relief, they are, at best, formulaic recitations of the elements insufficient to state a claim under *Twombly*. *Id.* at 555; *see, e.g.*, ECF No. 10, PageID.249, ¶ 33. Because Mobley's amended complaint lacks facts that connect the dots between any denied promotion and her

race, it fails to plausibly state a claim for relief under § 1981. *See House v. Rexam Bev. Can Co.*, 630 F. App'x 461, 464 (6th Cir. 2015).[3]

Mobley argues that any deficiency in her § 1981 claim as pleaded could potentially be cured by amending her complaint. ECF Nos. 13, 15. The Court does not dispute this contention but nonetheless denies her motion for leave to file a second amended complaint.

Courts are to grant leave to amend freely when justice so requires. Fed. R. Civ. P. 15(a)(2). But courts may deny a motion for leave to amend based on six factors: (1) "undue delay in filing"; (2) "lack of notice to the opposing party"; (3) "bad faith by the moving party"; (4) "repeated failure to cure deficiencies by previous amendments"; (5) "undue prejudice to the opposing party"; and (6) "futility of [the] amendment." *Wade v. Knoxville Utils. Bd.,* 259 F.3d 452, 458–59 (6th Cir. 2001) (quotation omitted). A motion to amend may be denied where amendment would be futile. *Riverview Health Inst. LLC v. Med Mut. Of Ohio*, 601 F.3d 505, 520 (6th

---

[3] TWC also argues that Mobley's amended complaint fails to state a plausible claim for retaliation under § 1981. ECF No. 12, PageID.312-15. Mobley does not refute or address this argument in her response to TWC's motion. *See* ECF No. 13. Claims left to stand undefended are deemed abandoned. *Mekani v. Homecomings Financial, LLC*, 752 F. Supp. 2d 785, 797 (E.D. Mich. 2010). The Court thus dismisses Mobley's § 1981 retaliation claim.

Cir. 2020). A proposed amendment is futile if it would not survive a motion to dismiss. *Id.*

As TWC notes, Mobley's proposed second amended complaint is identical to the operative amended complaint here. As such, it suffers from the same deficiencies already discussed. Because the identical second amended complaint could not survive a motion to dismiss, that amendment would be futile, and the Court denies the motion for leave to file it.

Additionally, the Court will not allow Mobley further opportunity to amend her complaint because she has repeatedly failed to cure the deficiencies in her previous amendments. As discussed in footnote 1, the proposed second amended complaint would be Mobley's fourth bite of this apple. As TWC points out, the factual allegations are identical throughout the four versions of Mobley's claims, the three filed complaints and the proposed second amended one for which she now seeks leave to file. Because the proposed second amended complaint is identical to the operative amended complaint and contains identical factual allegations as two other earlier iterations of the complaint, it, like its predecessors, fails to cure the deficiencies discussed in this opinion. The Court thus denies Mobley's motion for leave to amend her complaint.

### C. ELCRA Claims

The Court does not address TWC's motion to partially dismiss Mobley's ELCRA claims. Because the Court dismisses Mobley's federal claims in their entirety, the ELCRA claims will be remanded to the Wayne County Circuit Court. *See Gamel v. City of Cincinnati*, 625 F.3d 949, 952 (6th Cir. 2010) (finding that when all federal claims are dismissed before trial, courts generally dismiss state law claims or remand them to the state court if the action was removed).

### V. Conclusion

For the above reasons, the Court **DENIES** Mobley's motion for leave to amend (ECF No. 15) and **GRANTS** in part TWC's motion to dismiss (ECF No. 12). Counts I, II, and III of Mobley's amended complaint (ECF No. 10) are **DISMISSED** with prejudice. The remaining counts of the amended complaint are **REMANDED** to Wayne County Circuit Court.

Dated: March 27, 2024

s/ Shalina D. Kumar
SHALINA D. KUMAR
United States District Judge